TRINA A. HIGGINS, United States Attorney (#7349)
TODD C. BOUTON, Assistant United States Attorney (#17800)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
SACHIKO JEPSON, Special Assistant United States Attorney (#17077)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
todd.bouton@usdoj.gov; jacob.strain@usdoj.gov; sachiko.jepson@usdoj.gov

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PLASTIC SURGERY INSTITUTE OF UTAH, INC.; MICHAEL KIRK MOORE JR.; KARI DEE BURGOYNE; KRISTIN JACKSON ANDERSEN; AND SANDRA FLORES, <br><br> Defendant. | Case No. 2:23-cr-00010-HCN <br><br> **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br><br> Judge Howard C. Nielson, Jr. <br> Magistrate Judge Jared C. Bennett |

☒   **The United States is not seeking pretrial detention. But the United States is seeking some conditions of release.**

### Background and Charges

#### Defendants

This case involves five defendants:

1. Plastic Surgery Institute of Utah, Inc.;
2. [Dr.] Michael Kirk Moore Jr.;
3. Kari Dee Burgoyne;

4. Kristin Jackson Andersen; and
5. Sandra Flores.

**Charges**

The defendants are charged with three counts of:

(1) Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371;

(2) Conspiracy to Convert, Sell, Convey, and Dispose of Government Property, in violation of 18 U.S.C. §§ 371 and 641; and

(3) Conversion, Sale, Conveyance, and Disposal of Government Property, in violation of 18 U.S.C. § 641 and § 2.

**Details**

The defendants conspired to obstruct the United States' COVID-19 vaccination program by setting up an elaborate system to distribute vaccination record cards out of the Plastic Surgery Institute of Utah, Inc. without administering a single vaccine. They ultimately wasted, and improperly disposed of, at least 1,937 doses of COVID-19 vaccines. They also sold, conveyed, and converted at least 1,937 doses' worth of COVID-19 vaccination record cards to hundreds of persons without administering a vaccine to them.

The Plastic Surgery Institute of Utah, Inc. (the "Plastic Surgery Institute") is a Utah corporation with a medical office in Midvale, Utah. The Plastic Surgery Institute provides plastic surgery services to patients.

Dr. Michael Kirk Moore Jr. ("Dr. Moore") owns the Plastic Surgery Institute. He is also a board-certified plastic surgeon who works at the Institute. Dr. Moore directed the scheme underlying the charges in this case through his office manager, Kari Dee Burgoyne ("Burgoyne"). Together with Dr. Moore, Burgoyne arranged for the Plastic Surgery Institute to obtain from the Centers for Disease Control and Prevention (the "CDC") at least 2,200 COVID-19 vaccines along with their accompanying CDC COVID-19 vaccination record cards. Burgoyne also took orders from Dr. Moore and generally oversaw the logistics and implementation of the vaccine-obstruction scheme. She hired and directed employees to participate in the scheme. She also directed persons seeking to obtain COVID-19 vaccination record cards without receiving a vaccine ("Fraudulent Vax Card Seekers") to go through Kristin Jackson Andersen ("Andersen").

Andersen was not an employee of the Plastic Surgery Institute. But she was Dr. Moore's neighbor, and both she and Dr. Moore belonged to an organization that opposed COVID-19 vaccines. In agreement with Dr. Moore and Burgoyne, Andersen screened Fraudulent Vax Card Seekers for referrals via text messages and required them to make

"donations" to a specified charity before they could set up an appointment to obtain a COVID-19 vaccination record card without receiving a vaccine.

Sandra Flores ("Flores") worked as a receptionist at the Plastic Surgery Institute. She distributed COVID-19 vaccination record cards to Fraudulent Vax Card Seekers without administering vaccines to them. Along with the other defendants, Flores also knowingly administered or caused to be administered saline shots to minors in order to trick them into mistakenly thinking they had been vaccinated before they received a COVID-19 vaccination record card, even though they had not been.

Defendants destroyed or caused to be destroyed at least 1,937 doses' worth of COVID-19 vaccines. Defendants also uploaded or caused to be uploaded the names of Fraudulent Vax Card Seekers to the Utah Statewide Immunization Information System to falsely report that persons had received at least 1,937 doses' worth of COVID-19 vaccines from the Plastic Surgery Institute, even though Defendants knew that none of the persons had actually received a COVID-19 vaccine from the Institute.

As part of their scheme, Defendants wasted and improperly disposed of at least $28,028.50 worth of COVID-19 vaccines. They also sold, conveyed, and converted at least $96,850 worth of COVID-19 vaccination record cards. (The value of the vaccination record cards is based on a market value of $50 per fraudulent vaccine dose notation, which is the price the defendants charged for each fraudulent notation.) The total loss amount from the defendants' criminal activity is at least $124,878.50.

## Proposed Conditions of Release

The United States takes these charges seriously. However, Defendants have limited criminal history, and the United States believes that if the Court were to impose appropriate conditions of release, Defendants would likely not pose a further danger to the public. *See* 18 U.S.C. §§ 3142(d)(2) and 3142(c)(1)(B). Nor do any of the Defendants appear to be a serious flight risk. *See* 18 U.S.C. § 3142(f)(2)(A).

**Therefore, the United States is not seeking pretrial detention of Defendants. Instead, the United States will request that Defendants be released on conditions to reasonably assure their appearance for trial and to protect the safety of others and the community pending their trial. 18 U.S.C. §§ 3142(a)(2), (c)(1)(B). In particular, the United States requests that each individual defendant be ordered:**

1. Not to change their address without court approval (18 U.S.C. § 3142(c)(1)(B)(xiv));

2. To surrender his or her passport (if any) and not to obtain or apply for another passport (18 U.S.C. §§ 3142(c)(1)(B)(iv) and (c)(1)(B)(xiv));

3. To report monthly to a pretrial services probation officer from this district. (18 U.S.C. § 3142(c)(1)(B)(vi));

4. To maintain or actively seek employment (18 U.S.C. § 3142(c)(1)(B)(ii));

5. Not to commit a Federal, State, or local crime during the defendant's release (18 U.S.C. § 3142(c)(1)(A));

6. Not to leave the State of Utah without prior permission from the pretrial officer and not to leave the United States without prior approval from the Court (18 U.S.C. § 3142(c)(1)(B)(iv)); and

7. Not to discuss the case with other defendants (18 U.S.C. § 3142(c)(1)(B)(iv), (v) and (xiv)).

**The United States further requests the following additional conditions of release be imposed on <u>all defendants</u>—including both the individual defendants and the Plastic Surgery Institute of Utah, Inc.**

8. Surrender all COVID-19 vaccines and vaccination record cards to the Utah Department of Health within 2 days (18 U.S.C. § 3142(c)(1)(B)(xiv)); and

9. Not distribute or convey any COVID-19 vaccination record cards to anyone other than the Utah Department of Health (18 U.S.C. § 3142(c)(1)(B)(xiv)).

..................................................................

**The United States also requests that the Defendant Plastic Surgery Institute of Utah, Inc. be subject to the following additional condition of release:**

10. Not make any non-business-related transfers without prior approval by a pretrial officer (18 U.S.C. §3142(c)(1)(B)(xiv)) (necessary to ensure the Plastic Surgery Institute maintains funds to pay a potential fine of $360,000 to $720,000 [USSG §§ 8C2.1(a), 8C2.4(a), 8C2.5(a),(b)(5), 8C2.6, and 8C2.7]).

..................................................................

☐   Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast-track program, which includes agreeing to detention for the pendency of this case.

☐   The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional

arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

OR

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person

and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

### **Rebuttable Presumption**

☐ A rebuttable presumption applies, and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2),

2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## **Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☐ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☐ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☐ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☐ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☐ Other reasons including:

## **Victim Notification**

☒  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is: consistent with the United States' position.
☐  The victim(s) in this matter seek(s) a no contact order.

☐  This matter does not involve a victim requiring notification.

DATED this 19th day of January, 2023.

*/s/ Todd C. Bouton*
TODD C. BOUTON
Assistant United States Attorney