Kathryn N. Nester (UT Bar #13967)
Wendy M. Lewis (UT Bar #5993)
Nester Lewis PLLC
50 W. Broadway, Suite 300
Salt Lake City, Utah 84101
kathy@nesterlewis.com
wendy@nesterlewis.com
(801) 535-4375
Attorneys for Michael Moore

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PLASTIC SURGERY INSTITUTE OF UTAH, INC.; MICHAEL KIRK MOORE, JR.; KARI DEE BURGOYNE; KRISTIN JACKSON ANDERSEN; and SANDRA FLORES, <br><br> Defendants. | **MOTION TO CONTINUE TRIAL** <br><br> Case No. 2:23-cr-00010-HCN-JCB |

COMES NOW Defendant Michael Kirk Moore, pursuant to the Speedy Trial Act and DUCrimR 12-1(l), and respectfully moves this Honorable Court to continue his trial and to reset the motion deadline accordingly in the above-styled matter. In making this request, Dr. Moore is waiving his right to a speedy trial and acknowledging that all time elapsing between the filing of this motion and the new

trial date will be excluded from his time calculation pursuant to the Speedy Trial Act. The grounds in support of this motion are as follows:

1. The Indictment in this matter was filed on January 11, 2023.

2. To date, over 2 million Kilobytes of discovery have been produced. The discovery includes numerous interviews, social media accounts, bank records, PayPal records, health department records and other miscellaneous business records. The defendants are still awaiting production of the forensic downloads of the mobile phones seized from the defendants. The defense anticipates filing requests for significantly more government records, which are relevant to the case but have not yet been produced. Furthermore, the defense anticipates needing to submit multiple FOIA and GRAMA requests for various government records, facing months-long delays in obtaining the requested records.

3. This case involves five defendants and on information and belief is the first of its kind to be prosecuted in the United States. It raises novel legal and factual questions surrounding federal government procurement, interagency appropriations and/or grants, and contracts/agreements/memorandum of understanding among multiple state and county agencies and the defendants in this case, all of which took place during a period of time when the federal government was taking unprecedented actions impacting individual health care in the

State of Utah. Complex briefing is expected in this case with respect to dispositive motions, which may require evidentiary hearings.

4. There are potentially over 1900 witnesses who have been identified in the government's first two rounds of discovery.

5. Based on the factual recitations in paragraphs 2 through 4 above, this case qualifies as complex under the Speedy Trial Act.

6. The current trial date is set for April 4, 2023. Undersigned counsel is scheduled to commence a federal court trial on April 25, 2023, in the matter of United States v. Trenton J. Powell, in the District of Idaho, which will require lengthy preparation and travel out of state throughout the months of March and April. Due to this conflict, undersigned counsel will not have sufficient time and resources to prepare for trial prior to April 4, resulting in the inability to provide effective assistance of counsel and a miscarriage of justice for Dr. Moore.

7. Undersigned counsel will need at least 180 days to realistically prepare for the trial of this matter. Undersigned counsel is unable to try the case in October, due to another complex fraud case set to go to trial that month. Therefore, the earliest undersigned counsel can be prepared to try this case in November of 2023.

8. Section 3161(h) of Title 18 of the United States Code excludes certain periods of time in calculating the 70 days until a speedy trial is due. That includes delay resulting from a continuance if the court finds "the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

…

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

U.S.C. § 3161(h)(7)(B)(i,ii,iv).

9. Based on paragraphs 1-7 above, the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial and a continuance is justified.

10. No parties will suffer any prejudice if this case is delayed.

4

11. Dr. Moore will need additional time to file motions in this case. Dr. Moore is seeking a new motion date at least 90 days prior to his new trial date.

12. Dr. Moore understands and agrees that the time elapsing between now and his new trial date will not be included in the calculation of his elapsed time under the Speedy Trial Act.

13. For purposes of computing the date under the Speedy Trial Act by which the Defendant's trial must commence, Dr. Moore agrees that the time period of March 7, 2023, to the new trial date, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), B(ii) and (B)(iv) because the delay results from a continuance granted by the Court at the Defendant's request, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) this case is so unusual or complex that it would be unreasonable to expect adequate preparation within the time limits set; and/or (iv) failure to delay would deny counsel for the defendant a reasonable amount of time necessary for effective preparation for trial.

Therefore, Dr. Moore respectfully moves this Honorable Court to continue the trial to a date convenient for the Court and the parties no sooner than November of 2023, and to set a motion deadline for ninety (90) days prior to trial.

DATED this the 7th day of March, 2023.

*/s/ Kathryn N. Nester*
Attorney for Dr. Kirk Moore