# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT AND SETTING NEW TRIAL DATE** |
| **Plaintiff,** | |
| **v.** | |
| **PLASTIC SURGERY INSTITUTE OF UTAH, INC.; MICHAEL KIRK MOORE, JR.; KARI DEE BURGOYNE; KRISTIN JACKSON ANDERSEN; and SANDRA FLORES,** | **Case No. 2:23-cr-00010-HCN-JCB** |
| | **District Judge Howard C. Nielson, Jr.** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are: (1) Defendant Michael Kirk Moore, Jr.'s ("Dr. Moore") motion to continue trial and motion deadline;[2] and (2) Defendant Kari Dee Burgoyne's ("Ms. Burgoyne") motion for joinder in Dr. Moore's motion.[3] At a status conference held on March 20, 2023, Defendants Kristin Jackson Andersen and Sandra Flores stipulated to and joined in Dr. Moore's motion.[4] The court GRANTS Dr. Moore's motion and

---

[1] ECF No. 32.

[2] ECF No. 49.

[3] ECF No. 52.

[4] ECF No. 57.

Ms. Burgoyne's motion. The court makes the following findings in support of the continuance of the trial date and motion deadline:

1. The Indictment in this matter was filed on January 11, 2023.[5]

2. The current trial date is set for April 4, 2023.[6]

3. To date, over 2 gigabytes of discovery have been produced with more that will soon be produced from Defendants' mobile phone searches. The discovery includes numerous interviews, social media accounts, bank records, PayPal records, health department records, and other miscellaneous business records. Defendants are still awaiting production of the forensic downloads of the mobile phones seized from Defendants. Defendants anticipate filing requests for significantly more government records, which are relevant to the case but have not yet been produced.

4. This case involves five defendants and, on information and belief, is the first of its kind to be prosecuted in the United States. It raises novel legal and factual questions surrounding federal government procurement, interagency appropriations and/or grants, and contracts/agreements/memorandum of understanding among multiple state and county agencies and Defendants, all of which took place during a period when the federal government was taking unprecedented actions impacting individual health care in the State of Utah.

---

[5] ECF No. 1.

[6] ECF No. 20.

Complex briefing is expected in this case with respect to dispositive motions, which may require evidentiary hearings.

5.     There are potentially over 1,900 witnesses who have been identified in the government's first two rounds of discovery.

6.     Based on the factual recitations in paragraphs 3 through 5 above, this case qualifies as complex under the Speedy Trial Act.

7.     Defense counsel will need at least 180 days to realistically prepare for the trial of this matter.

8.     18 U.S.C. § 3161(h) excludes certain periods of time in calculating the 70 days until a speedy trial is due. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[7] The court must "set[] forth . . . either orally or in writing, its reasons" for that finding.[8] The court "shall consider" the following factors, "among others":

(i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii)     Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . . .

---

[7] 18 U.S.C. § 3161(h)(7)(A).

[8] *Id.*

3

(iv)     Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[9]

9.     Based on paragraphs 1-7 above, the ends of justice served by a continuance outweigh the best interest of the public and Defendants in a speedy trial and a continuance is justified.

10.    No parties will suffer any prejudice if this case is delayed.

11.    Defendants will need additional time to file motions in this case. Defendants are seeking a new motion deadline at least 90 days prior to the new trial date.

12.    Defense counsel represents that Defendants understand and agree that the time elapsing between now and the new trial date will not be included in the calculation of elapsed time under the Speedy Trial Act.

13.    For purposes of computing the date under the Speedy Trial Act by which Defendants' trial must commence, Defendants agree that the period of March 7, 2023, to the new trial date, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

14.    The delay results from a continuance granted by the court at Defendants' request.

---

[9] *Id.* §§ 3161(h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv).

15.    The ends of justice served by the continuance outweigh the best interest of the public and Defendants in a speedy trial.[10]

16.    Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.[11]

17.    This case is so unusual or complex that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself.[12]

18.    Failure to grant the continuance would deny Defendants' counsel a reasonable amount of time necessary for effective preparation for trial, considering the exercise of due diligence.[13]

**ORDER**

Based upon the foregoing findings and for good cause shown, the court HEREBY

ORDERS:

1.    The trial in this matter is continued from April 4, 2023, to November 7, 2023.

2.    The motion deadline for all motions other than motions in limine is set for September 7, 2023.

3.    A status conference is set for August 16, 2023, at 11:00 a.m.

---

[10] *Id.* § 3161(h)(7)(A).

[11] *Id.* § 3161(h)(7)(B)(i).

[12] *Id.* § 3161(h)(7)(B)(ii).

[13] *Id.* § 3161(h)(7)(B)(iv).

4.      The time from March 7, 2023, to November 7, 2023, inclusive, is excluded from

the computation under the Speedy Trial Act in this matter under 18 U.S.C.

§§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

IT IS SO ORDERED.

DATED this 21st day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge