IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     vs.<br><br>PLASTIC SURGERY INSTITUTE OF UTAH, INC.; MICHAEL KIRK MOORE JR.; KARI DEE BURGOYNE; KRISTIN JACKSON ANDERSEN; AND SANDRA FLORES,<br><br>     Defendants. | Case No. 2:23-cr-00010-HCN<br><br><br>SECOND ORDER EXCLUDING TIME AND CONTINUING TRIAL DATE UNDER THE SPEEDY TRIAL ACT, AND ORDER SETTING FURTHER STATUS CONFERENCE<br><br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

**Referral to Magistrate Judge Bennett**

District Judge Howard C. Nielson Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1]

**Second Motion By Defendants Moore and Burgoyne to Exclude Time and Continue**

**Trial Date Under the Speedy Trial Act Granted**

On August 16, 2023, at a status conference set by the Court, Defendants Michael Kirk Moore, Jr. ("Dr. Moore") and Kari Dee Burgoyne ("Ms. Burgoyne"), through their counsel, jointly moved to continue the trial date for 90 to 120 days. The other defendants did not object to the requested continuance. In addition, as noted on the record, based on the representations made by counsel for Defendants Dr. Moore and Ms. Burgoyne, and other circumstances addressed at the

---

[1] ECF No. 23.

status conference and in this order, the United States of America also did not object to the requested continuance, so long as it was not, in its view, unreasonably long.

After hearing from counsel and considering the motion to continue the trial date and to exclude time under the Speedy Trial Act, 18 U.S.C. § 1361, the Court GRANTS Dr. Moore and Ms. Burgoyne's motion. In support of the order excluding time and continuing the trial date under the Speedy Trial Act, the Court makes the following findings:

1. The Indictment in this matter was filed on January 11, 2023.[2]

2. The initial trial date was set for April 4, 2023.[3]

3. On March 21, 2023, the Court granted a motion by Dr. Moore (which was joined by Ms. Burgoyne) to exclude time under the Speedy Trial Act and to set a new trial date for November 7, 2023.[4] This first motion to exclude time under the Speedy Trial Act and to set a new trial date was based on findings made on the record which supported a conclusion that "the ends of justice served by taking such action outweigh[ed] the best interest of the public and the defendant[s] in a speedy trial."[5]

4. In addition to new developments, much of the bases for granting the first trial continuance and excluding time under the Speedy Trial Act remain relevant in this case.

5. Over 2 gigabytes of discovery have been produced in this case, in addition to text messages recovered from Ms. Burgoyne's mobile phone. The discovery includes, among other things, numerous interviews, social media accounts, bank records, PayPal records, health department records, and other miscellaneous business records. The

---

[2] ECF No. 1.

[3] ECF No. 20.

[4] ECF No. 58.

[5] ECF No. 58 at pp. 2-4, ¶¶ 3-18.

United States is also seeking to glean further relevant information from Dr. Moore's mobile phone, which was seized pursuant to a search warrant.[6]

6.  This case involves five defendants, three of whom work together for the corporate defendant—the Plastic Surgery Institute of Utah, Inc. (namely, Dr. Moore, Ms. Burgoyne, and Ms. Flores)—and one of whom owns the Institute (namely, Dr. Moore).

7.  This case is legally and factually complex. On information and belief, the case remains the first of its kind to be prosecuted in the United States. Further, Defendants have asserted, and in the Court's view, the case appears to raise, or at least potentially to raise, novel legal and factual questions related to federal government procurement; interagency appropriations and/or grants; contracts, agreements, or  memorandums of understanding among government agencies and Defendants; and public health and safety policies and protocols relating to COVID-19 vaccines and COVID-19 vaccination record cards. The circumstances of this case also occurred at a time when the federal government was taking unprecedented actions impacting individual health care in the State of Utah. Therefore, some complex briefing will likely be required in this case relating to dispositive motions that may require evidentiary hearings.

8.  The government expects to call at least 8 witnesses, and Defendants at one point suggested calling many more than that.[7]

---

[6] *See* ECF No. 58 at p. 2, ₱ 3 and oral updates regarding discovery made by the United States during the August 16, 2023 status conference. ECF No. 119.

[7] *See* ECF No. 58 at p. 3, ₱ 5 (Dr. Moore's former defense counsel suggested they might call up to 1,900 witnesses who had been identified in the United States' first two rounds of discovery. The United States understood this to relate to persons who had been identified as receiving COVID-19 vaccination record cards from Defendants without actually having been vaccinated.)

9. Based on the factual recitations in paragraphs 5 through 8 above, this case qualifies as complex under the Speedy Trial Act.

10. In addition, Defendants Dr. Moore and Ms. Burgoyne obtained new counsel around June 2023. These counsel have represented to the Court that given their trial schedules and the complexity of this case, they need at least 90 to 120 more days to adequately prepare for trial and cannot be ready for trial by November 7, 2023.

11. Under the circumstances, the Court finds defense counsel will need more time to realistically prepare for the trial of this matter, and that such time should be decided at a status conference on December 13, 2023, during which the Court will set a new trial date for this case to fall sometime in early 2024.

12. Under the Speedy Trial Act, 18 U.S.C. § 3161(h) excludes certain periods of time in calculating the 70 days until a speedy trial is due. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[8] The court must "set[] forth . . . either orally or in writing, its reasons" for that finding.[9] The Court "shall consider" the following factors, "among others":

    (i)    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

    (ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law,

---

[8] 18 U.S.C. § 3161(h)(7)(A).

[9] *Id.*

that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . .

(iv)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant[s] reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant[s] or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[10]

13. Based on paragraphs 1 through 11 above, the ends of justice served by a continuance outweigh the best interest of the public and Defendants in a speedy trial, and a continuance is justified.

14. No parties will suffer any prejudice if this case is delayed.

15. Defense counsel represent that Defendants understand and agree that the time elapsing between now and the new trial date (which Defendants understand is to be set during the December 13, 2023 status conference) will not be included in the calculation of elapsed time under the Speedy Trial Act.

16. For purposes of computing the date under the Speedy Trial Act by which Defendants' trial must commence, Defendants agree that the period of August 16, 2023, to the new trial date (which is to be set on December 13, 2023), should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

---

[10] 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

17. The delay in trial results from a continuance granted by the Court at Defendants' request.

18. The ends of justice served by the continuance outweigh the best interest of the public and Defendants in a speedy trial.[11]

19. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.[12]

20. This case is so unusual or complex that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself by November 7, 2023.[13]

21. Failure to grant the continuance would deny Defendants' counsel a reasonable amount of time necessary for effective preparation for trial, considering the exercise of due diligence.[14]

## ORDER

Based upon the foregoing findings and for good cause shown, the Court HEREBY ORDERS:

1. The trial date currently set for November 7, 2023 is VACATED.

2. A status conference is set for December 13, 2023 at 11:00 a.m.

3. At the status conference set for December 13, 2023, the trial in this matter shall be continued to another date in early 2024.

4.  The time from August 16, 2023 to the new trial date which is to be set at the December 13, 2023 status conference, inclusive, is excluded from the computation under the

---

[11] *Id.*; 18 U.S.C. § 3161(h)(7)(A).

[12] 18 U.S.C. § 3161(h)(7)(B)(i).

[13] 18 U.S.C. § 3161(h)(7)(B)(ii).

[14] 18 U.S.C. § 3161(h)(7)(B)(iv).

Speedy Trial Act in this matter under 18 U.S.C. §§ 3161(7)(h)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

IT IS SO ORDERED.

DATED this <u>18</u> day of August, 2023.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge